# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

FORT MYERS Division

FILED - USDC - FLMD - FTM
SEP 8 2026 PM12:00

Case No. 2:26-cv-2498-KCD-NPM
*(to be filled in by the Clerk's Office)*

Gregg Marcellus Harden
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

James F. Potter in his official capacity as sheriff of Desoto County, Florida; and Kevin Filipowicz in his official capacity as Captain of detention bureau of Desoto County, Florida.
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Gregg Marcellus Harden
All other names by which you have been known: N/A
ID Number: P# 11802; BK# 32164
Current Institution: Desoto County Jail
Address: 208 East Cypress Street
Arcadia (City) FL (State) 34266 (Zip Code)

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name: James F. Potter (as Public Entity)
Job or Title *(if known)*: Sheriff of Desoto County, Florida
Shield Number: N/A
Employer: State of Florida\Desoto County Sheriff office
Address: 208 East Cypress Street
Arcadia (City) FL (State) 34266 (Zip Code)

☐ Individual capacity ☒ Official capacity

Defendant No. 2

Name: Kevin Filipowicz (as Public Entity)
Job or Title *(if known)*: Captain of detention bureau of Desoto County Jail
Shield Number: N/A
Employer: Desoto County Sheriff office
Address: 208 East Cypress Street
Arcadia (City) FL (State) 34266 (Zip Code)

☐ Individual capacity ☒ Official capacity

Defendant No. 3

| | |
|---|---|
| Name | N\|A |
| Job or Title *(if known)* | N\|A |
| Shield Number | N\|A |
| Employer | N\|A |
| Address | N\|A |
| | N\|A (City) N\|A (State) N\|A (Zip Code) |

N|A ☐ Individual capacity ☐ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | N\|A |
| Job or Title *(if known)* | N\|A |
| Shield Number | N\|A |
| Employer | N\|A |
| Address | N\|A |
| | N\|A (City) N\|A (State) N\|A (Zip Code) |

N|A ☐ Individual capacity ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § ~~1983~~ 12132 claim) (Public entity)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

I am not suing under section 1983; conversely, I am suing under section 12132; and the statutory right that I claim is being violated by local officials is the right not to be discriminated against because of disability. Such right is secured under Title II of the Americans with Disability Act.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N|A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed. I am not suing under section 1983; conversely, I am suing under section 12132; and because of medical records, filed grievances, direct conversations, and served petitions, Defendant's have had actual knowledge of Plaintiff's disability, accommodation need, knew harm to his federally protected ADA rights was likely, and failed to take corrective action under circumstances of having substantial supervisory authority.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- ☐ Pretrial detainee
- ☐ Civilly committed detainee
- ☐ Immigration detainee
- ☒ Convicted and sentenced state prisoner
- ☐ Convicted and sentenced federal prisoner
- ☐ Other *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

SEE ACCOMPANYING SUPPLEMENTAL COMPLAINT

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

The events giving rise to Plaintiff's claim arose in Desoto County Jail at 208 East Cypress Street, Arcadia, Florida 34266; while Plaintiff was housed in F-4 in March of 2026. Also, events occurred within Defendant Filipowicz's office within the month of April; and another event occurred on June 8, 2026 within the hallway connected to the medical room. All other events occurred at different times through the grievance process and the personal communication tablet. Such times are specified within the attached complaint.

C. What date and approximate time did the events giving rise to your claim(s) occur?

The events giving rise to Plaintiff's claim(s) occurred between March 20-22, 2026 after being denied access based on disability to the work program and requesting accommodation.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Plaintiff, who experiences limitation in walking and standing, was excluded by defendants from participating in various work programs based on disability; and because of exclusion, Plaintiff has been denied the benefits of earning gain-time and not being charged a daily meal fee of $3.50. Further, on June 8, 2026, Defendant Filipowicz intimadated the Plaintiff by threatening that further use of grievance process would result in the loss of right thereof. The following individuals have persona knowledge of Plaintiff's disability and accommodation request: (1) Lt. Mack; (2) Sgt. Coon (3) Sgt. Contreras; (4) Sgt. Conn; (5) Sgt. Ortiz; (6) Cpl. Walker; (7) Ofc. Davis; & (8) Ofc. Gonzalez

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

The injuries that Plaintiff has sustained related to the events alleged above are discriminatory effects such as:

(1) denial of gain-time calculations in the amount of five (5) days per month;
(2) denial of exempt status of daily, meal-time fee of $3.50; and
(3) denial of speedier release date.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Plaintiff requests, as follows:

(1) Injuctive and equitable relief on the basis of preventing Defendants from causing Plaintiff future discrimination in form of a later release rather than a speedier one by Defendants not calculating the credits of gain-time of Plaintiff, past and future, in the total amount of ten (10) days per month;
(2) compensatory relief on the basis of Defendant's intentional discrimination given deliberate indifference, which caused Plaintiff to incur a meal fee - approximate amount - of $125.00, from not being exempt by participating in the work program;
(3) Equitable and economic relief on the basis of any lost of work opportunity in the weekly amount of $600.00; and
(4) Declaratory relief on the basis of findings by a trier-of-fact that Defendants violated Plaintiff's right under Title II of the Americans with Disability Act of 1990 and 42 U.S.C. § 12132.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

- [x] Yes
- [ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Desoto County Jail (208 E. Cypress St., Arcadia, FL 34266)

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

- [x] Yes
- [ ] No
- [ ] Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

- [ ] Yes
- [ ] No
- [x] Do not know

If yes, which claim(s)?

N/A

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

[X] Yes

[ ] No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

[ ] Yes

[X] No

E. If you did file a grievance:

1. Where did you file the grievance?

Desoto County Jail (208 E. Cypress St., Arcadia, FL 34266)

2. What did you claim in your grievance? Plaintiff claimed within his grievance that:
(a) it was filed pursuant to Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206 (1998);
(b) under Title II of "ADA", inmates cannot be excluded from programs due to disability;
(c) FL. Stat., 951.21, provides gain-time through participation in programs;
(d) I am a qualified individual with a disability;
(e) I have been denied access to work programs due to my disability;
(f) no reasonable accommodations or alternative programs have been provided;
(g) I am excluded from earning gain-time and denied equal access to program's benefit.

3. What was the result, if any?

The grievance of March 22, 2026, regarding above content, was denied; and The grievance of April 6, 2026, regarding non-exempt status of daily meal fee has not been returned as of date of filing this complaint.

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

The steps Plaintiff took to appeal above denial is to directly hand an appeal-grievance to Defendant Kevin Filipowicz, which occurred on or about April 10, 2026; after Plaintiff created an audio recording of it.
Further, the appeal process is complete.
Furthermore, Defendant Kevin Filipowicz is the Captain of Desoto County Jail.

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

N/A

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. On May 18, 2026, Plaintiff and Defendant Kevin Filipowicz, by use of personal tablet and technolgy, exchanged the following relevant information: Subject: To: Captain Filipowicz concerning hand-delivered appeal Request: I request to receive a written response by James F. Potter...to the appeal that I hand delivered to you.... The written response is necessary and required so I can exhaust remedies and procedures under...("PLRA"), 42 U.S.C.... 1997e(a).... ADA requires the entity to

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)* accommodate or modify its procedures for individual disabled.... Ultimately, I am requesting the written response to the appeal so I can access the courts.
Notes: noted

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Gregg Marcellus Harden

   Defendant(s) James F. Potter, Sheriff of Desoto County, Florida

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Desoto County, Florida

3. Docket or index number

   2026CA000353

4. Name of Judge assigned to your case

   Hall, Don T., Honorable

5. Approximate date of filing lawsuit

   07/09/2026

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition. N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Yes.

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) Gregg Marcellus Harden

   Defendant(s) James F. Potter, Sheriff of Desoto County, Florida

2. Court *(if federal court, name the district; if state court, name the county and State)*

   Pinellas County, Florida (The county of origin is Desoto County, Florida)

3. Docket or index number

   2D2026-2128 (The lower tribunal case number is 25-MM-000296

4. Name of Judge assigned to your case

   Unknown panel of Judges of the Second District Court of Appeal of Florida

5. Approximate date of filing lawsuit

   08/12/2026

6. Is the case still pending?

   ☒ Yes

   ☐ No

   If no, give the approximate date of disposition N/A

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   N/A

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 2, 2026

Signature of Plaintiff: Gregg Marcellus Harden

Printed Name of Plaintiff: Gregg Marcellus Harden

Prison Identification #: P# 11802; BK# 32164

Prison Address: 208 East Cypress Street

Arcadia (*City*) FL (*State*) 34266 (*Zip Code*)

### B. For Attorneys

Date of signing: N\A

Signature of Attorney: N\A

Printed Name of Attorney: N\A

Bar Number: N\A

Name of Law Firm: N\A

Address: N\A

N\A (*City*) N\A (*State*) N\A (*Zip Code*)

Telephone Number: N\A

E-mail Address: N\A